Turner P. Smith (TS-8052)
Catinca Tabacaru (CT-5165)
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                                                 :
                                                                 :
BA CHUB CAY, LLC,                                                :
                        Plaintiff,                               :  **ANSWER**
                                                                 :
        - against -                                              :
                                                                 :  Case No. 08-CIV-5217
                                                                 :  (JSR)
WALTER J. MCCRORY                                                :
BOB L. MOSS                                                      :
KAYE PEARSON,                                                    :
                                                                 :
                                                                 :
                        Defendants.                              :
---------------------------------------------------------------- X

### ANSWER TO COMPLAINT OF DEFENDANTS WALTER J. MCCRORY, BOB L. MOSS AND KAYE PEARSON

### ANSWER

Defendants, Walter J. McCrory, Bob L. Moss and Kaye Pearson ("Guarantors") by their undersigned attorneys, hereby answer Plaintiff BA Chub Cay, LLC's ("Lender") Complaint, paragraph by paragraph as follows:

1.    Guarantors deny the allegations of paragraph 1 of the Complaint except admit that this is an action to enforce the obligations of the Guarantors under the Loan

Agreement,[1] that the Loan Agreement included Guarantor's Guarantees, that Lender has notified Guarantors of alleged defaults, and that the Lender seeks a declaration that Guarantors are in default and in breach of their obligations under the Loan Documents and are jointly and severally liable for Lender's damages resulting therefrom.

    2.    Guarantors deny knowledge or information sufficient to form a belief as to the truth of paragraph 2 of the Complaint.

    3.    Guarantors admit the allegations of paragraph 3 of the Complaint.

    4.    Guarantors admit the allegations of paragraph 4 of the Complaint.

    5.    Guarantors admit the allegations of paragraph 5 of the Complaint.

    6.    Guarantors state that paragraph 6 of the Complaint purports to state conclusions of law as to which no response is required.

    7.    Guarantors deny the allegations of paragraph 7 of the Complaint and refer to Section 10.7(a) of the Loan Agreement for its contents.

    8.    Guarantors state that paragraph 8 of the Complaint purports to state conclusions of law as to which no response is required. To the extent a response is required, Guarantors deny the allegations of paragraph 8 of the Complaint and refer to Section 10.7(b) of the Loan Agreement for its contents.

    9.    Guarantors admit the allegations of paragraph 9 of the Complaint.

    10.    Guarantors deny the allegations of paragraph 10 of the Complaint and refer to the Note for its contents.

    11.    Guarantors deny the allegations of paragraph 11 of the Complaint and refer to the Loan Agreement for its contents.

---

[1] Unless otherwise defined, capitalized terms used herein have the meanings set forth in the Complaint.

12. Guarantors deny the allegations of paragraph 12 of the Complaint and refer to the Loan Agreement for its contents.

13. Guarantors deny the allegations of paragraph 13 of the Complaint and refer to the Loan Agreement for its contents.

14. Guarantors deny the allegations of paragraph 14 of the Complaint and refer to the Loan Agreement for its contents.

15. Guarantors deny the allegations of paragraph 15 of the Complaint and refer to the Loan Agreement for its contents.

16. Guarantors deny the allegations of paragraph 16 of the Complaint and refer to the Loan Agreement for its contents.

17. Guarantors deny the allegations of paragraph 17 of the Complaint and refer to the Loan Agreement for its contents.

18. Guarantors deny the allegations of paragraph 18 of the Complaint and refer to the Loan Agreement for its contents.

19. Guarantors deny the allegations of paragraph 19 of the Complaint and refer to the Loan Agreement for its contents.

20. Guarantors deny the allegations of paragraph 20 of the Complaint and refer to the Loan Agreement for its contents.

21. Guarantors deny the allegations of paragraph 21 of the Complaint and refer to the Loan Agreement for its contents.

22. Guarantors deny the allegations of paragraph 22 of the Complaint and refer to the Loan Agreement for its contents.

23. Guarantors deny the allegations of paragraph 23 of the Complaint and refer to the Loan Agreement for its contents.

24. Guarantors deny the allegations of paragraph 24 of the Complaint and refer to the Loan Agreement for its contents.

25. Guarantors deny the allegations of paragraph 25 of the Complaint and refer to the Loan Agreement for its contents.

26. Guarantors deny the allegations of paragraph 26 of the Complaint and refer to the Loan Agreement for its contents.

27. Guarantors deny the allegations of paragraph 27 of the Complaint and refer to the Loan Agreement for its contents.

28. Guarantors deny the allegations of paragraph 28 of the Complaint as to any failure to notify Lender of alleged Events of Default and as to the characterization of alleged failures as Events of Default. Guarantors further deny knowledge or information sufficient to form a belief as to what the Lender was "advised" regarding any of the alleged defaults.

29. Guarantors deny the allegations of paragraph 29 of the Complaint, but state that they lack knowledge or information sufficient to form a belief as to what the Lender has allegedly learned.

30. Guarantors deny knowledge or information sufficient to form a belief as to what Lender has learned or what it is aware of, as alleged in paragraph 30 of the Complaint.

31. Guarantors deny the allegations of paragraph 31 of the Complaint.

32. Guarantors deny the allegations of paragraph 32 of the Complaint.

33. Guarantors deny the allegations of paragraph 33 of the Complaint.

34. Guarantors deny the allegations of paragraph 34 of the Complaint.

35. Guarantors deny the allegations of paragraph 35 of the Complaint.

36. Guarantors admit that Lender notified them of Borrower's alleged defaults in providing information and documentation as provided in paragraph 36 of the Complaint but deny that Borrower is in default of the Loan Agreement.

37. Guarantors admit that Lender sent them a notice of default as alleged in paragraph 37 of the Complaint but deny that they are in default of the Loan Agreement.

38. Guarantors deny the allegations of paragraph 38 of the Complaint.

39. Guarantors deny the allegations of paragraph 39 of the Complaint and refer to Exhibit E to the Complaint for its contents, but admit that Lender did send to Borrower and Guarantors a notice of its election to accelerate the indebtedness under the Loan Agreement.

40. Guarantors deny the allegations of paragraph 40 of the Complaint except admit that Lender demanded the immediate payment by June 2, 2008 of all outstanding principal and interest, together with all other alleged costs and expenses, and that Borrower and Guarantors have refused to pay amount demanded.

41. Guarantors state that paragraph 41 of the Complaint purports to state conclusions of law as to which no response is required. To the extent a response is required, Guarantors deny the allegations of paragraph 41.

42. Guarantors state that paragraph 42 of the Complaint is a repetition of previous paragraphs to which no response is required. To the extent a response is required, Guarantors admit that paragraph 42 purports to repeat all allegations set forth in paragraphs 1 through 41 of the Complaint.

43. Guarantors deny the allegations of paragraph 43 of the Complaint.

44. Guarantors deny the allegations of paragraph 44 except admit that Lender has demanded that Guarantors fulfill their Guaranteed Obligations under the Guarantee.

45. Guarantors state that paragraph 45 of the Complaint purports to state conclusions of law as to which no response is required. To the extent a response is required, Guarantors deny the allegations of paragraph 45.

46. Guarantors state that paragraph 46 of the Complaint purports to state conclusions of law as to which no response is required. To the extent a response is required, Guarantors deny the allegations of paragraph 46.

47. Guarantors deny the allegations of paragraph 47 of the Complaint except admit that Lender seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201, that Guarantors are in default under the Loan Documents.

48. Guarantors state that paragraph 48 of the Complaint is a repetition of previous paragraphs to which no response is required. To the extent a response is required, Guarantors admit that paragraph 48 purports to repeat all allegations set forth in paragraphs 1 through 47 of the Complaint.

49. Guarantors deny the allegations of paragraph 49 of the Complaint.

50. Guarantors deny the allegations of paragraph 50 of the Complaint.

51. Guarantors state that paragraph 51 of the Complaint purports to state conclusions of law as to which no response is required. To the extent a response is required, Guarantors deny the allegations of paragraph 51.

52. Guarantors state that paragraph 52 of the Complaint purports to state conclusions of law as to which no response is required. To the extent a response is required, Guarantors deny the allegations of paragraph 52.

53. Guarantors state that paragraph 53 of the Complaint purports to state conclusions of law as to which no response is required. To the extent a response is required, Guarantors deny the allegations of paragraph 53.

54. The "Wherefore" paragraph of the Complaint is a demand for judgment as to which no response is required. To the extent a response is required, Guarantors admit that Lender makes such demands of the court.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters where that burden rests on Lender, Guarantors asserts the following affirmative defenses with respect to the claims Lender purports to assert in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

55. Guarantors are released from their obligations under the Loan Agreement by the willful conduct of the Lender.

## SECOND AFFIRMATIVE DEFENSE

56. Guarantors alleged defaults do not rise to the level of materiality implied in the Loan Agreement and therefore do not warrant acceleration of the entire debt.

## THIRD AFFIRMATIVE DEFENSE

57. Guarantors expressly reserve the right to amend and/or supplement its answer, defenses and all other pleadings.

## FOURTH AFFIRMATIVE DEFENSE

58. Guarantors have insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to it, and

therefore, reserve the right to assert such additional defenses in the event that discovery indicates they would be appropriate.

        **CURTIS, MALLET-PREVOST,**
        **COLT & MOSLE LLP**

        /s/
        Turner Smith (TS 8052)
        Catinca Tabacaru (CT 6156)
        101 Park Avenue
        New York, NY 10178
        Tel.: (212) 696-6121
        Fax: (212) 697-1559
        Email: tsmith@curtis.com

        **BERGER & SINGERMAN LLP**
        By: Robert W. Barron
        350 East Las Olas Boulevard
        Suite 1000
        Fort Lauderdale, FL 33301
        Telephone: (954) 525-9900
        Fax: (954) 523-2872
        Direct Line: (954) 627-9914
        E-mail: RBarron@bergersingerman.com

        Attorneys for Defendants Walter J. McCrory,
        Bob L. Moss and Kaye Pearson

Copies to:
KATTEN MUCHIN ROSENMAN LLP
Michael S. Gordon (MG-2181)
Diane da Cunha (DC-1510)
575 Madison Avenue
New York, New York 10022
Fort Madison, IA 52617
(212) 940-6666

Attorneys for Plaintiff BA Chub Cay, LLC